IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY A COLE,

    Plaintiff,

v.       CASE NO. 4:14-cv-419-WS-GRJ

MICHAEL D CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the custody of the Department of Corrections proceeding *pro se*, has filed a civil rights complaint against three defendants. (Doc. 1.) Because Plaintiff conceded in the Complaint that he is subject to the three-strikes bar of 28 U.S.C § 1915(g), the Court ordered Plaintiff to pay the $400.00 filing fee on or before September 2, 2014, failing which this case would be dismissed. (Doc. 3.) Plaintiff did not pay the filing fee, and instead has filed a motion requesting the Court to waive the filing fee. (Doc. 5.) The Court construes Plaintiff's motion (Doc. 5) as a motion for leave to proceed as a pauper pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff's motion for leave to proceed as a pauper is due to be denied and this case should be dismissed pursuant to 28 U.S.C. § 1915(g).

### I.  DISCUSSION

In the Complaint, Plaintiff contends that the Defendants knowingly and intentionally provided him with food and beverages in smaller quantities and of lower quality than that prescribed in the master menus and recipes. (Doc. 1 at 5.) He also

claims Defendants force him and the other prisoners to keep their hair at a short uniform length rather than the medium uniform length. *(*Doc. 1 at 6.) Plaintiff also requests that the Court certify this case as a class action. (Doc. 4.) As relief, Plaintiff requests compensatory and punitive damages and injunctive relief against the Defendants.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

As Plaintiff concedes, Plaintiff has filed three prior cases that were dismissed as malicious and for failure to state a claim upon which relief could be granted. *See, e.g., Cole v. Warden, Hillsborough Cnty. Jail, et al.*, case no. 8:07-cv-1798-T-26MAP (M.D. Fla. Oct. 4, 2007)(dismissing case for failure to state a claim); *Cole v. Doe, et al.*, case no. 5:08-cv-138-RS-MD (N.D. Fla. June 9, 2008)(dismissing case as malicious); *Cole v. Espinosa, et al.*, case no. 8:02-cv-1321-T-30MSS (M.D. Fla. July 26, 2002). Plaintiff attached to the Complaint an order entered on May 7, 2014 by District Judge Brian Davis in Cole v. Davis, case no. 3:14-cv-518-J-39JRK (M.D. Fla. May 7, 2014) in which

Judge Davis dismissed an almost identical case brought by Plaintiff because Plaintiff is subject to the three strikes bar.

These strikes prevent Plaintiff from proceeding as a pauper, unless Plaintiff is in "imminent danger of serious physical injury." The danger must exist at the time that Plaintiff filed his complaint. *See Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999). In the Complaint, Plaintiff does not allege that he is in imminent danger. Although Plaintiff says he is being underfed, he complains of only hunger pangs and resulting depression. Simply experiencing hunger pains and being served smaller portions of food is insufficient to demonstrate that a serious physical injury is imminent. *See Mateo v. Vosbrink*, 2006 WL 2038499, at *2 (N.D. Fla. July 18, 2006)(finding no imminent injury where plaintiff had not received requested Jewish dietary accommodation and had foregone meals and parts of meals causing constant hunger and hunger pangs); *Hernandez v. Ventura Cnty.*, 2010 WL 3603491 (C.D. Cal. July 27, 2010) (finding that allegation of weight loss due to smaller portions of food did not constitute "imminent danger of serious physical injury"). Plaintiff's allegations of hunger are not enough to establish that he is in imminent danger of serious physical injury sufficient to excuse the payment of the filing fee.

Plaintiff further claims that the prison officials mandate that he and the other prisoners keep their hair at a short uniform length rather than the medium uniform length. A requirement that a prisoner maintains short hair does not establish imminent danger of physical injury. Thus, Plaintiff cannot invoke the "imminent danger" exception to 28 U.S.C. § 1915(g) and may not proceed as a pauper.

In his Motion for Court to Waive Filing Fee (Doc. 5), Plaintiff contends that 28

*Case No: 4:14-cv-419-WS-GRJ*

U.S.C. § 1915(g) is unconstitutional as a denial of due process, a denial of access to the federal courts, and cruel and unusual punishment. Plaintiff's arguments that §1915(g) violates his right to access the courts and denies him due process have been addressed and squarely rejected by the Eleventh Circuit. *Rivera v. Allin*, 144 F.3d 719, 725-28 (11th Cir. 1998) *abrogated on other grounds*, *Jones v Brock*, 549 U.S. 199, 127 S.Ct. 910 (2007)("[w]e hold that the 'three strikes' IFP provision of 28 U.S.C. § 1915(g) does not violate the First Amendment right of access to the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment.)

Moreover, the Eighth Amendment's proscription on cruel and unusual punishment does not apply to the three strikes provision of the PLRA. The Eighth Amendment, by its express terms, prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Section 1915(g)'s mandate that Plaintiff pay the full filing fee at the time he initiates suit clearly falls short of this standard.

Plaintiff also requests that the Court address his Motion for Class Certification, Doc. 4, prior to dismissing his case for failure to pay the filing fee. The Court is not required to do this because the proper procedure is for the Court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Thus, because the instant action is subject to immediate dismissal

under the three strikes provision of the PLRA there is no need to address Plaintiff's request for class certification.

Accordingly, for these reasons, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not sufficiently allege that he is in imminent danger of serious physical injury.

## II.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1.  This case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has at least three strikes.  Dismissal should be without prejudice to Plaintiff filing a new complaint accompanied by payment of the full filing fee.

2.  The dismissal of this case counts as a strike pursuant to 28 U.S.C. § 1915(g).

3.  Plaintiff's Motion For Court to Waive Filing Fee, Doc. 5, construed as a motion for leave to proceed as a pauper, should be **DENIED.**

4. The **Clerk** should be directed to terminate all pending motions and close the file.

**IN CHAMBERS**, at Gainesville, Florida, this 11th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.